## UNITED STATES v. HATZEL et al.
### No. 4838.

District Court, E. D. New York.
Jan. 2, 1931.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Francis F. Giles, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

McCabe & Hickey, of Brooklyn, N. Y. (Leo J. Hickey, of Brooklyn, N. Y., of counsel), for defendants.

BYERS, District Judge.

Motion for an order vacating and setting aside the provision in the consent decree herein dated May 26, 1930, for the suspension of the operation of the locking and sealing of the ground floor (excepting the hallway) upon the filing of a $500 bond, etc.

The bond was furnished on June 3, 1930.

It appears that on May 29, 1930, three days after the date of the decree, a violation of law occurred on the premises, which was, of course, subsequent to the violation upon which this proceeding was based; an information based upon the affidavit of a prohibition agent, verified September 5, 1930, was filed in this court on September 12, 1930, under the number 27448, and the defendants therein named came to trial on September 22, 1930, when the defendant Metzger was convicted and his codefendants named in the information were acquitted; Metzger was sentenced to pay a fine of $300.

Metzger was in the employ of Robert Hatzel, the occupant of the premises under a lease, and a motion was made before this court, Judge Galston presiding, for the forfeiture of the bond by reason of the said breach of the condition therein stated, which was decided November 5, 1930, and the motion was granted.

This motion, which has for its object the elimination from the decree of May 26, 1930, of the permissive clause under which the bond was filed, presents a difficulty which seems thus far not to have been encountered in any of the decided cases. The effect of granting the motion would be to remove from the decree the provision permitting the defendant occupant to give a bond, and the decree in this amended form would therefore provide for a straight padlock for a year from May 26, 1930; this would be simple enough if the motion had been made prior

to the forfeiture of the bond, but there is a certain inconsistency involved on the part of the government in having taken advantage of the forfeiture provision and now seeking, in effect, to amend the decree so as to eliminate any reference to the giving of the bond.

On the other hand, the defendant occupant chose the bond as the lesser of the two evils contemplated by the decree, and then permitted the violation of law to occur in his premises, which automatically called into operation the provisions of the bond, and resulted in his having to pay the penal sum therein stated; and, if he should now be permitted to oppose this motion successfully, he would have defeated the primary purpose of the injunction proceeding brought by the government, by the mere expedient of paying the amount of the bond, thus converting the permissive alternative, intended to mitigate the effect of the decree, into an instrument whereby his violation of the law could defeat the injunction.

This motion was argued on November 12, 1930, and briefs were filed on November 20, 1930, and thereafter an informal request was made to the court by the defendant occupant, that decision be withheld pending a consent to reargue the motion which the defendant sought to obtain from the United States attorney, but which was refused, which appears from a memorandum filed with this court on December 12, 1930.

The United States attorney is criticized by the defendant for accepting the bond on June 3, 1930, with knowledge of the violation of law which occurred on May 29, 1930, and that criticism is answered by the record in the criminal case, which shows that the affidavit of the prohibition agent was not verified until September 5, 1930, and the information was not filed until September 12, 1930.

As has been stated, the decree was consented to in open court, and was settled on two days' notice, so that the defendant occupant was seasonably apprised of the provisions thereof; the decree was dated on May 26, 1930, and, if the defendant occupant, with knowledge of the occurrences of May 29th, had then sought to resettle the decree so as to eliminate the provision for the giving of a bond, or if he had failed to give the bond, the alternative provision, which was for his accommodation, would not have come into operation. It thus appears that it is the defendant and not the United States attorney who must answer for the incongruity of which the defendant now complains. It must be clear that he preferred to give the bond, and to operate his enterprise, with knowledge of the arrest which had taken place on May 29, 1930, pending the trial of the defendants named in that information, and, having so elected, he is not now in a position to urge that, his judgment as to the outcome of that arrest having proved misguided, the injunctive provisions of the decree should be rendered nugatory.

It seems unwise, however, to grant the motion precisely as it is made, because a striking from the decree of the permission to give the bond might affect the validity of the forfeiture. It would seem that the better practice would be to direct the entry of an order reciting the giving of the bond, the subsequent violation of law, and the forfeiture of the bond by reason thereof, and directing that, by reason of these occurrences, the injunctive features of the decree shall be deemed to be operative from and after the date of the said order for the balance of the year beginning May 26, 1930.

Settle order on two days' notice.